DENISE M. MINGRONE (SBN 135224)
dmingrone@orrick.com
ROBERT URIARTE (SBN 258274)
ruriarte@orrick.com
JONATHAN J. LIU (SBN 328955)
jliu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:	+1 650 614 7400
Facsimile:	+1 650 614 7401

BEN AUSTIN (SBN 324965)
baustin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone:	+1 949 567 6700
Facsimile:	+1 949 567 6710

Attorneys for Plaintiff
SYNOPSYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISTA DESIGN, INC., and DOES 1-7, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR (1) VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT 17 U.S.C. §§ 1201, ET SEQ.; AND (2) AIDING AND ABETTING VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. §§ 1201, ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Synopsys, Inc. ("Synopsys") hereby brings this Complaint against Defendant Cista Design, Inc. ("Cista") for circumventing technological measures that effectively control access to Synopsys software, including at least TCAD Sentaurus, Verdi, SpyGlass, VCS, and PrimeTime, in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq.* (the "DMCA").  Synopsys seeks injunctive relief, statutory and/or actual damages, attorneys' fees and costs, an accounting, and any such other relief as the Court may deem proper.  Synopsys alleges the following based on personal knowledge, unless indicated as on information and belief.

**PARTIES**

1. Plaintiff Synopsys is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California.

2. Defendant Cista is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Jose, California.

3. Plaintiff does not presently know the true names and capacities of the defendants sued herein as Does 1 through 7, inclusive.  Synopsys may seek leave of court to amend this Complaint to allege the defendants' true names and capacities once it ascertains this information.

**JURISDICTION AND VENUE**

4. This Court has federal-question subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in actions arising under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq* and in copyright cases under 28 U.S.C. §1338(a).

5. This Court has personal jurisdiction over Cista because its principal place of business lies within the State of California, and because it has conducted and does conduct business within the State of California and the Northern District of California.

6. Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400 because Cista and, on information and belief the Doe defendants, reside in, the State of California and the Northern District of California, and because a substantial part of the events giving rise to the dispute occurred within this district.

# FACTUAL ALLEGATIONS

**General Background**

7. As modern electronic devices become more and more compact and powerful, they use increasingly sophisticated computer processor chips. When designing a computer processing chip, the stakes are enormous. Chip designers need software that will ensure that their complex designs will work flawlessly. Accordingly, chip designers require extremely robust and powerful computer software to design and test those chips. Many of the world's biggest and most important chip design companies turn to Synopsys for that software.

8. Since it was founded in 1986, Synopsys has been a leading provider of Electronic Design Automation ("EDA") solutions for the semiconductor industry. EDA generally refers to using computers to design, verify, and simulate the performance of electronic circuits. For more than 30 years, Synopsys' solutions have helped semiconductor manufacturers and electronics companies design, test, and manufacture circuit chips and electronic systems for a wide range of products. Headquartered in Sunnyvale, California, Synopsys is the fourteenth largest software company in the world and currently employs over 19,000 employees worldwide. Synopsys has developed a comprehensive, integrated portfolio of prototyping, IP, implementation, verification, manufacturing, optical, field-programmable gate array, and software quality and security solutions.

9. Synopsys' EDA software applications, including the TCAD Sentaurus, Verdi, SpyGlass, VCS, and PrimeTime software at issue in this case, are creative and original works of authorship subject to copyright protection under Title 17 of the United States Code.

10. Synopsys has invested hundreds of millions of dollars and enormous amounts of time and effort into the research, development, design, and refinement of the software at issue in this case. Such investment is necessary to maintain Synopsys' place as a leader in the competitive EDA industry, and to continue to provide leading circuit and chip manufacturers with cutting-edge design technology.

11. Synopsys does not sell its ownership rights, copyrights, or other intellectual property rights to its EDA software. Instead, Synopsys customers purchase licenses. These

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

COMPLAINT AND DEMAND
FOR JURY TRIAL

licenses grant Synopsys customers limited rights to install Synopsys software and to access and use specific Synopsys software programs subject to control by Synopsys' License Key system, which is a built-in security system that controls access to its licensed software by requiring a user to access a key code provided by Synopsys to execute the licensed software. This key code controls the quantity and term of the licensed software in accordance with the license terms. Synopsys controls access to and use of its license key files through Synopsys' proprietary license server software, which is licensed to customers along with Synopsys' EDA applications. This license server software, too, is a creative work of authorship protected by the Copyright Act.

12. Synopsys' License Key System is a technological measure that controls access to the software. Synopsys' access controls, in the ordinary course of operation, ensure that Synopsys' EDA applications cannot be used without appropriate license key files. Synopsys is the sole source of legitimate license keys, which it provides only to licensed users of its software.

13. Each customer needs a license key file to execute Synopsys tools. The license key file contains information that allows Synopsys' License Key system to determine whether the customer is authorized to execute specific Synopsys tools and applications. For example, a license key file contains the name of the customer, identifies the software the customer is licensed to use, and identifies the number of concurrent uses purchased.

14. Synopsys' License Key System can detect potential software piracy and report related data back to Synopsys, such as the IP address or MAC address associated with the computer or computers associated with the suspected piratical activity. This data is commonly referred to as "Call-Home Data."

15. On information and belief, Cista is a privately held company that has its sole U.S. office in San Jose, California, and was founded in 2013. According to its website, Cista develops, tests, manufactures, and sells cameras, drones, and imaging equipment. These products and services require EDA and IP software to design, verify, and simulate performance.

16. According to Cista's website, Cista also has testing centers located in China. Cista's website further identifies Chinese offices in Shanghai, Shenzhen, Hong Kong, and Zhenjiang, as well as an office in Singapore, Republic of Singapore.

**Cista's Unauthorized Access to and use of Synopsys Software**

17. Cista has never obtained a valid license from Synopsys to access and use any of Synopsys' EDA software, including TCAD Sentaurus, Verdi, SpyGlass, VCS, and PrimeTime.

18. On information and belief, from 2022 to present, Cista has been using counterfeit license keys obtained from or created with tools obtained through hacker websites to circumvent the Synopsys License Key system to access and use Synopsys' EDA software, including TCAD Sentaurus, Verdi, SpyGlass, VCS, and PrimeTime, without a valid license. The fact that Cista was using technological means to avoid paying Synopsys a license fee for access and use of the software alone should have put Cista on notice that its access and use of Synopsys' software was unauthorized.

19. Based on its investigation to date, Synopsys identified over 7,900 instances of persons operating on Cista's behalf using counterfeit keys under 7 different usernames to access Synopsys' EDA software without a valid license.

20. Upon information and belief, Cista also used an internet-connected network to distribute counterfeit keys to provide access to Synopsys' EDA software to its foreign offices.

## FIRST CLAIM FOR RELIEF

**Violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*.**

21. Synopsys hereby restates and re-alleges the allegations set forth above and incorporates them by reference.

22. Section 1201(a)(1) provides, in pertinent part, that no person shall circumvent a technological measure that effectively controls access to a work protected under this title.

23. Synopsys software is subject to protection under the copyright laws of the United States.

24. Access to Synopsys tools, including those used by Cista, is controlled by technological measures that effectively control access to Synopsys tools.

25. Cista has used technical means to circumvent Synopsys' License Key System and gain unauthorized access to Synopsys tools. Cista has, for example, used counterfeit license keys

to circumvent Synopsys' access controls and to access without authorization at least TCAD Sentaurus, Verdi, SpyGlass, VCS, and PrimeTime.

26. The conduct described above has caused irreparable harm to Synopsys through at least the loss of control over its intellectual property. Piracy like Cista's also damages customer goodwill and confidence in Synopsys' technology and the value associated with it. Synopsys has also suffered monetary losses in an amount to be specifically computed at trial, but that amount is in the millions of dollars in lost revenue and constitutes a violation of 17 U.S.C. § 1201.

27. The conduct described above was willful and done with knowledge of wrongdoing; an award of injunctive relief and damages is therefore necessary to dissuade Cista and others from circumventing Synopsys' License Key System.

28. Accordingly, pursuant to 17 U.S.C. § 1203, Synopsys is entitled to and hereby demands statutory or actual damages in the maximum amount for each act of circumvention of Synopsys technological access controls.

29. Synopsys is further entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

30. Cista's conduct, unless enjoined and restrained by the Court, will cause continued irreparable harm to Synopsys, which has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203, Synopsys is entitled to a preliminary and permanent injunction prohibiting further violations of § 1201.

## SECOND CLAIM FOR RELIEF

**Violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(b)**

31. Synopsys hereby restates and re-alleges the allegations set forth in the paragraphs above and incorporates them by reference.

32. Synopsys' License Key System effectively protects Synopsys' right to reproduce and distribute its works.

33. Cista has manufactured, imported, provided, and otherwise trafficked in technology produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of a copyright owner.

34. The conduct described above has caused irreparable harm to Synopsys through at least the loss of control over its intellectual property. Piracy like Cista's also damages customer goodwill and confidence in Synopsys' technology and the value associated with it. Synopsys has also suffered monetary losses in an amount to be specifically computed at trial, but that amount is in the millions of dollars in lost revenue and constitutes a violation of 17 U.S.C. § 1201.

35. The conduct described above was willful and done with knowledge of wrongdoing; an award of injunctive relief and damages is therefore necessary to dissuade Cista and others from circumventing Synopsys' License Key System.

36. Accordingly, pursuant to 17 U.S.C. § 1203, Synopsys is entitled to and hereby demands statutory or actual damages in the maximum amount for each act of circumvention of Synopsys technological access controls.

37. Synopsys is further entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

38. Cista's conduct, unless enjoined and restrained by the Court, will cause continued irreparable harm to Synopsys, which has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203, Synopsys is entitled to a preliminary and permanent injunction prohibiting further violations of § 1201.

## PRAYER FOR RELIEF

WHEREFORE, Synopsys prays for judgment against Defendants as follows:

A. Entry of judgment in favor of Synopsys against Defendants;

B. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, affiliated companies, assigns and successors in interest, and those persons in active concert or participation with them from circumventing Synopsys' License Key system or other technological measures that control access to Synopsys' works in violation of 17 U.S.C. §§ 1201, *et seq.*;

C. An order awarding Synopsys statutory and/or actual damages for each instance on which Defendants violated the DMCA by circumventing measures controlling access to Synopsys software pursuant to 17 U.S.C. § 1203;

1    D.    An order awarding Synopsys general and specific damages;

2    E.    Prejudgment and post-judgment interest;

3    F.    An order awarding Synopsys its costs and attorneys' fees pursuant to 17 U.S.C. § 1203;

5    G.    An order for an accounting of all gains, profits, cost savings, and advantages realized by Defendants from their acts;

7    H.    All such further and additional relief, in law or equity, to which Synopsys may be entitled or which the Court deems just and proper.

Dated: July 5, 2023                             ORRICK, HERRINGTON & SUTCLIFFE LLP


By:    */s/ Denise M. Mingrone*
       DENISE M. MINGRONE
       Attorneys for Plaintiff SYNOPSYS, INC.